Filed 7/28/26  P. v. Lucio CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065643 |
| v. | (Super. Ct. No. 24CF2220) |
| CHRISTIAN LUCIO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Bryan F. Clavecilla, Judge. Affirmed in part, reversed in part, and remanded with directions.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Christopher P. Beesley and Cobi S. Furdek, Deputy Attorneys General, for Plaintiff and Respondent.

At the time of sentencing for two separate criminal cases, the trial court imposed on Christian Lucio fines and ancillary costs in the case at issue in this appeal. Lucio contends the matter must be reversed and remanded for a new hearing because the court did not consider the challenges permitted by our Supreme Court's recent decision in *People v. Kopp* (2025) 19 Cal.5th 1 (*Kopp*). The Attorney General agrees, as do we. While decided after Lucio's sentencing, *Kopp* allows challenges based on the excessive fines and equal protection clauses of the federal or state Constitutions. Accordingly, we remand solely as to the fines and ancillary costs ordered in this case on appeal. On remand, the court is directed to consider Lucio's challenges to fines and ancillary costs consistent with the decision in *Kopp*. In all other respects, the judgment is affirmed.

## PROCEDURAL BACKGROUND

The facts of the underlying criminal action are largely irrelevant on appeal. It is enough to explain that in the case on appeal (No. 24CF2220; Case 1), a jury found Lucio guilty of possession of a firearm by a felon, possession of ammunition by a prohibited person, petty theft, and obstructing or delaying a peace officer. Thereafter, in a second case, *People v. Garcia* (Super. Ct. Orange County, 2023, No. 23CF0504) (Case 2), and based on the verdict in Case 1, the trial court determined Lucio was in violation of his probation.

The sentencing hearing covered both Case 1 and Case 2. In Case 1, which is at issue, the trial court imposed the following fines and ancillary costs: (1) court operations assessments, pursuant to Penal Code section 1465.8; (2) conviction assessments, pursuant to Government Code section 70373; and (3) a $900 mandatory restitution fine, pursuant to Penal Code section 1202.4, subdivision (b). In Case 2, the court also imposed a $300

2

mandatory restitution fine, pursuant to Penal Code section 1202.4, subdivision (b), a $900 parole revocation fine, pursuant to Penal Code section 1202.45, as well as additional court operations and conviction assessments pursuant to Penal Code section 1465.8 and Government Code section 70373, respectively.[1] Although both parties discuss these additional fines and ancillary costs from Case 2 in their respective briefs, Lucio only appealed Case 1 and did not appeal Case 2. Accordingly, the additional monies ordered in Case 2 are not at issue, and we do not address them here.

At the sentencing hearing, Lucio made a motion pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164 to suspend all fines and ancillary costs, which was denied by the trial court. In denying Lucio's motion, the trial court stated, "[G]iven that he is going to be serving time in state prison, he will be earning something there."

DISCUSSION

Lucio argues the trial court erred in denying his motion to suspend all fines and ancillary costs without a determination of his ability to pay and whether the restitution fines were constitutionally excessive. The Attorney General concedes the court should permit Lucio the opportunity to make these arguments and the case should be remanded to allow him to do so. Lucio also argues we should direct the court not to consider future prison wages when determining Lucio's ability to pay.

*Kopp* addresses the proper means by which a criminal defendant may challenge the various court ordered payments imposed at criminal

---

[1] "Statutory language authorizing payment of ancillary costs is not always employed consistently. A provision may variously refer to them as 'fines,' 'fees,' 'assessments,' or 'costs.'" (*Kopp, supra*, 19 Cal.5th at p. 12.)

3

sentencings. Those payments "fall into three broad categories: fines, ancillary costs, and victim restitution." (*Kopp, supra*, 19 Cal.5th at p. 11.)

As to fines, such as restitution and parole revocation payments under Penal Code sections 1202.4 and 1202.45, *Kopp* disapproves *Dueñas* and does "not find a due process requirement to hold an ability to pay hearing before imposing every punitive fine." (*Kopp, supra*, 19 Cal.5th at p. 23 & fn. 17). Instead, *Kopp* clarifies, an "excessive fines analysis," which includes consideration of ability to pay, "is the proper vehicle to challenge punitive fines" under either the federal or state Constitutions. (*Kopp,* at p. 23.) As to ancillary costs, under Penal Code section 1465.8 and Government Code section 70373, *Kopp* explains an equal protection analysis is appropriate and holds, "[E]qual protection principles require a court, upon request, to consider a defendant's inability to pay before imposing a court operations assessment." (*Kopp, supra*, 19 Cal.5th at p. 30.)

Although *Kopp* was decided after sentencing, both Lucio and the Attorney General agree the trial court did not engage in the required excessive fine or equal protection analyses. Both permit a challenge based on inability to pay. Consequently, the parties agree, remand is necessary. We reverse and remand for further proceedings consistent with *Kopp*.

In addition, Lucio relies on the concurring opinion in *Kopp* to ask us to direct the trial court not to consider the possibility of future prison wages on remand. Because of the agreed upon need for remand, the Attorney General argues this issue is moot. In light of our remand to the court to address the fines and ancillary costs, we agree.

4

## DISPOSITION

The judgment is reversed as to the fines and ancillary costs imposed in Case 1. The matter is remanded with directions the trial court hold a hearing as to the imposition of fines and ancillary costs consistent with the decision in *Kopp, supra,* 19 Cal.5th 1. In all other respects, the judgment is affirmed.


                                        MOTOIKE, P. J.

WE CONCUR:


GOODING, J.


SCHWARM, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5